**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES SWANSON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. CIV-08-0508-HE |
| ) | |
| SHARPIRO & CEDJA, LLP, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Charles and Edith Swanson filed this action against defendants Shapiro & Cedja, LLP and Regions Bank, alleging they violated the Fair Debt Collection Practices Act (FDCPA) and asserting claims under Oklahoma state law for fraud and violation of certain consumer protection statutes.[1] The claims against Regions Bank have previously been resolved in its favor, with only the claims against Shapiro & Cedja, LLP remaining. That defendant has now moved for summary judgment and plaintiff has responded.

The progress of this case has been extraordinarily ragged. The plaintiffs were represented by counsel at the outset of the case and certain aspects of the case were resolved while plaintiffs were represented. Following various defaults or missed deadlines, the case was dismissed for failure to prosecute. Order, July 1, 2009 [Doc. #39]. Thereafter, Mrs. Swanson, appearing *pro se*, sought to reopen the case and the court granted that relief. Since that time, the case has proceeded, with the court granting plaintiff various extensions or other relief due to her *pro se* status. Among other things, the court denied the defendant law firm's

---

[1] *Mr. Swanson died after the case was filed and the case has proceeded with Mrs. Swanson as the plaintiff.*

first motion for summary judgment and permitted plaintiff's out of time discovery responses to be considered. The court also granted defendant leave to file a further summary judgment motion if warranted, which defendant has now offered.

It continues to be extraordinarily difficult to discern the nature of and basis for plaintiffs' claims. The underlying dispute appears to arise out of a state court foreclosure of a mortgage on plaintiffs' home. The various submissions indicate that a state court foreclosure judgment was entered on March 6, 2008. Plaintiff's complaint in this case, filed May 13, 2008, contains largely conclusory allegations,[2] but appears to allege that Regions Bank failed to honor a loan modification agreement reached with plaintiffs and that the law firm violated various aspects of the FDCPA.

Defendant's summary judgment motion essentially asserts there is no evidence of a FDCPA violation by the firm, no factual basis for a fraud claim,[3] and that the claim based on the Oklahoma Consumer Protection Act is invalid as a matter of law in light of the law firm's status.[4] It asserts that at least some of plaintiffs' apparent claims are precluded by the judgment entered in the underlying foreclosure action. Mrs. Swanson's response to the

---

[2] *The complaint asserts all claims against "the defendants", without any differentiation between the defendants as to the claims asserted. Further, the pleading of the fraud claim is particularly deficient in light of Fed.R.Civ.P. 9(b).*

[3] *It also notes the pleading deficiencies noted above.*

[4] *Defendant's brief cites to multiple decisions by judges in this district concluding the OCPA does not apply to debt collection activities by third parties not involved in the underlying consumer transaction.*

motion does not controvert any fact relied on by defendant,[5] but appears to argue that defendant should not be viewed as a third party, presumably for purposes of the Oklahoma Consumer Protection Act, and that it played a role in what she views as the breach of contract violation of the loan modification agreement reached with Regions. Apart from that, she just argues she should not have to lose her home in the circumstances existing here.[6]

Insofar as plaintiff asserts some violation of a loan modification agreement reached with Regions, the court concurs in defendant's view that such claims were potential defenses that could have been offered in the foreclosure proceeding and, having apparently failed to do that, plaintiff is not entitled to now re-raise some sort of breach of contract claim here based on that argument. The court perceives no connection to a violation of the FDCPA from these alleged circumstances. Further, plaintiff has not proffered any evidence sufficient to create a justiciable question as to fraud, FDCPA, or OCPA claims.[7] In these circumstances, the court concludes that defendant's motion for summary judgment must be granted.

In addressing this motion and in dealing with other issues arising in the case, the court

---

[5]*Defendant's motion and the accompanying affidavit are themselves short on "facts" of the sort ordinarily necessary to the disposition of a summary judgment motion, relying at least in part on conclusory statements to the effect that "we didn't do anything wrong." While such submissions would not ordinarily be a sufficient basis for a motion, they are somewhat understandable here given the absence of any specific, discernible basis for plaintiffs' claims.*

[6]*Mrs. Swanson is apparently still in her home notwithstanding the state court foreclosure judgment.*

[7]*The court concurs with those decisions concluding an OCPA claim is not present here. See Hollis v. Stephen Bruce & Assoc., 2007 WL 4287623 (W.D.Okla. 2007); State ex rel. Bd. of Regents v. Greer, 205 F.Supp.2d 1273, 1274 (W.D.Okla. 2001).*

has been mindful of plaintiffs' *pro se* status from the point the case was re-opened.[8] However, even after giving a liberal construction to her pleadings and according deference to plaintiff's *pro se* status, there must still be, at some point, an identifiable basis for claim. Dissatisfaction with the result of a state court foreclosure does not, by itself, provide such a basis. And notwithstanding a plaintiff's *pro se* status, a defendant is entitled to rely on the pleading and other procedural options available to it in testing and defending against the claims asserted. Defendant has done so in this case and plaintiff has not come forward with arguments or evidence sufficient to create an issue for trial.[9]

In the circumstances existing here and for the reasons stated above, the court concludes defendant Shapiro & Cedja LLP's motion for summary judgment [Doc. #68] should be and is **GRANTED**. Judgment will be entered in favor of defendant as to all claims.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2010.

*(signature)*
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]On various occasions, the court urged Mrs. Swanson to acquire counsel if she could do so.

[9]*The court notes plaintiff Swanson's non-appearance at the court-ordered settlement conference in this case, which conference would have enabled her to present her position informally in the context of settlement discussions. Order, August 4, 2010 [Doc. #71].*